THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER RUSSELL BERG,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [38] PETITION TO ADJUDICATE THIRD PARTY INTEREST IN FORFEITED PROPERTY**<br><br>Case No. 2:22-cr-00159-DBB<br><br>District Judge David Barlow |

Before the court is Petitioner Joshua Berg's ("Mr. J. Berg") Petition to Adjudicate Third Party Interest in Forfeited Property.[1] After considering the briefing and relevant law, the court finds that a hearing is unnecessary.[2] The court dismisses the petition for failure to state a claim.

## BACKGROUND

On July 28, 2022, Alexander Russell Berg ("Mr. A. Berg") pleaded guilty to one count of Conspiracy to Distribute Marijuana and one count of Money Laundering.[3] In his statement in advance of plea, he admitted to distributing drugs between February 2018 and April 2022.[4] He also admitted to using funds from the drug trafficking to pay off the loan for a 2020 Toyota Tacoma ("Tacoma") in March 2020.[5] As part of the plea, he agreed to forfeit the Tacoma.[6] The

---

[1] Pet. to Adjudicate Third Party Interest in Forfeited Prop. ("Third Party Interest"), ECF No. 38, filed Sept. 8, 2022.
[2] *See United States v. Weaver*, 89 F.3d 848 (9th Cir. 1996) (unpublished) ("The court may dismiss the petition on the pleadings without a hearing where the claimant fails to establish a prima facie case under 21 U.S.C. § 853(n)."); *see also United States v. Furando*, 40 F.4th 567, 576 (7th Cir. 2022).
[3] Statement by Def. in Advance of Plea ("Plea") 1–2, ECF No. 35, filed July 28, 2022.
[4] *Id.* at 4.
[5] *Id.*
[6] *Id.* at 6.

court entered a preliminary order of forfeiture on August 1, 2020 that included the Tacoma.[7] Pursuant to 21 U.S.C. § 853(n), Mr. J. Berg filed a petition on September 8, 2022, averring that his son, A. Berg, had gifted him the Tacoma; that he had purchased and installed numerous accessory and replacement parts on the Tacoma prior to its forfeiture; and that the court should remove the "truck accessory property" from the order of forfeiture.[8] On September 19, 2022, the United States moved to dismiss the petition for failure to state a claim.[9] Petitioner did not respond to the motion and the deadline for doing so has passed.

## RELEVANT PROVISIONS OF 21 U.S.C. § 853(n)

(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. . . .

. . . .

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.[10]

---

[7] Order of Forfeiture 1, ECF No. 37, filed Aug. 1, 2022.
[8] Third Party Interest 2–3.
[9] Resp., ECF No. 40, filed Sept. 19, 2022.
[10] 21 U.S.C. § 853(n).

2

**STANDARD**

"[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."[11] Under 21 U.S.C. § 856(n), the petitioner must plausibly allege a "facially colorable interest in the seized property."[12] "A claim is plausible on its face when the petitioner 'pleads factual content that allows the court to draw the reasonable inference' that he is entitled to relief."[13] "A petition 'does not need detailed factual allegations,' but a plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[14]

**DISCUSSION**

Mr. J. Berg petitions the court to modify the order of forfeiture by removing certain truck accessories and replacement parts that he had had installed on the forfeited Tacoma. He avers that his son, Mr. A. Berg, gifted him the Tacoma.[15] As proof, he offers a title signed and issued on August 27, 2020.[16] Next, he contends that he bought and installed truck accessories and replacement parts worth $15,017.30 on the Tacoma.[17] Finally, he claims that he has the original factory parts in storage and says that the parts can be readily transferred back to the Tacoma.[18]

---

[11] *United States v. Dahda*, No. 12-20083-01/11, 2020 WL 7056099, at *3 (D. Kan. Dec. 2, 2020); *see* Fed. R. Crim. P. 32.2(c)(1)(A) (The court may dismiss a third-party's petition in an ancillary proceeding for "failure to state a claim, or for any other lawful reason.").
[12] *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009).
[13] *Dahda*, 2020 WL 7056099, at *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[14] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] Third Party Interest ¶ 3.
[16] Title, ECF No. 38-2, filed Sept. 8, 2022.
[17] Third Party Interest ¶¶ 4–5; *see* Receipts, ECF No. 38-1, filed Sept. 8, 2022.
[18] Third Party Interest ¶ 12.

The United States responds that Mr. J. Berg fails to state a claim for two reasons. First, it claims that Mr. J. Berg fails to plead that he owns or has an interest in the Tacoma. Second, it claims that even if he did so, the court must dismiss the petition because he does not meet the requirements of 21 U.S.C. § 853(n)(6). The court addresses each argument in order.

I. **Mr. J. Berg Satisfies the Pleading Requirements of Section 853(n)(3).**

The United States argues that the court must dismiss Mr. J. Berg's claim because he offers insufficient details and facts to support his petition pursuant to 21 U.S.C. § 853(n)(3) and he does not state whether his claim is made under § 853(n)(6) subsection (A) or (B).

Under § 853(n)(3), a third-party claimant must allege "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."[19] "[T]he standards in § 853(n)(3) are not simply technical requirements, but are construed strictly to discourage false or frivolous claims."[20] Here, Mr. J. Berg gives adequate details and supporting facts to support his assertion of "all rights[,] title[,] and interest in the" truck accessories and parts.[21] He states that his son, A. Berg, gifted him the Tacoma before the forfeiture.[22] The Tacoma was titled in Mr. J. Berg's name as of August 27, 2020, almost two years before the forfeiture.[23] He asserts that he purchased and installed fifteen sets of accessories and parts on the Tacoma.[24] In support, he submits receipts

---

[19] 21 U.S.C. § 853(n)(3).
[20] *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1088 (D. Utah 2013); *see United States v. Edwards*, No. 06–50127–01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007). ("Conclusionary allegations of ownership and purchase with funds from employment is insufficient under § 853(n)(3).").
[21] Third Party Interest ¶ 1.
[22] *Id.* ¶ 3.
[23] Title.
[24] Third Party Interest ¶¶ 4–5.

dated 2020 and 2021.[25] Finally, he seeks an award of "all rights, title and interest in the truck accessory property" by removing them from the forfeiture order.[26]

The United States argues that more is required. Specifically, it claims that 21 U.S.C. § 853(n)(3) requires the petitioner to give precise details as to "how they obtained possession, from whom, and the place and time."[27] In Mr. J. Berg's case, his allegations, the truck title, and purchase receipts are sufficient.

## II. Mr. J. Berg Does Not Plead Facts to Satisfy Section 853(n)(6).

Satisfying 21 U.S.C. § 853(n)(3) is one step toward stating a claim. Under § 853(n)(6), the petitioner must also plead facts making it plausible that he either "has a legal right, title or interest in the property" that "was vested in the petitioner rather than the defendant . . . at the time of the commission of the acts which gave rise to the forfeiture"; or that he "is a bona fide purchaser . . . and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture[.]"[28] Mr. J. Berg does not adequately plead either provision.

First, Mr. J. Berg's petition does not plead sufficient facts to meet the requirements of subsection (6)(A). A "third party asserting an interest in forfeited property must establish that his interest in that specific property existed before the commission of the crime that led to the forfeiture."[29] The petition does not allege or provide any facts that Mr. J. Berg held an interest in

---

[25] *See* Receipts.
[26] Third Party Interest 3.
[27] Resp. 3–4 (quoting *United States v. Vithidkul*, 2014 WL 979206, *2-3 (D. Md. Mar. 12, 2014)). The United States also cites to a Western District of North Carolina case, where the court found that a claimant did not adequately assert that she was the owner of forfeited property because she "failed to assert a source for the money used to purchase the property." *Id.* at 4 (quoting *United States v. Molina-Sanchez*, No. 3:12cr25, 2013 WL 4083271 (W.D.N.C. Aug. 13, 2013)).
[28] 21 U.S.C. § 853(n)(6).
[29] *United States v. Catala*, 870 F.3d 6, 10 (1st Cir. 2017); *see* 21 U.S.C. § 853(n)(6)(A); *United States v. Carman*, No. 20-6103, 2022 WL 2236133, at *2 (6th Cir. June 22, 2022) ("[T]o succeed under either theory, the claimant

the property before A. Berg's criminal conduct began in 2018.[30] Thus, the petition fails to plead facts to satisfy subsection (6)(A).

Second, Mr. J. Berg fails to assert well-pleaded facts under subsection (6)(B). "A third party may establish his interest in forfeited property by showing that he is (i) a bona fide purchaser for value, (ii) who 'was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.'"[31] The petition does not allege, much less provide facts, making it plausible that Mr. J. Berg "was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture." As a result, the petition does not meet subsection (6)(B)'s requirements.

Because the petition fails to plead sufficient facts to state a claim under § 853(n)(6) subsection (A) or (B), the court does not reach the United States's further argument that prior circuit court decisions preclude the possibility of improvements to forfeited property ever meeting the statutory standard.[32]

## ORDER

Accordingly, the court DISMISSES without prejudice the Petition to Adjudicate Third Party Interest of Joshua Berg in Forfeited Property[33] for failure to state a claim. If he has good cause, Petitioner may move for leave to file an amended petition within 14 days of this decision.

---

must skirt the 'relation-back' clause in [21 U.S.C.] § 853(c), which provides that '[a]ll right, title, and interest in [tainted property] vests in the United States upon the commission of the act giving rise to forfeiture.'").
[30] Plea 4.; *see* Receipts.
[31] *United States v. Suarez*, 716 F. App'x 937, 938 (11th Cir. 2018) (unpublished).
[32] Response 7-9; *see United States v. White*, 306 F App'x 838, 840–41 (5th Cir. 2007) (unpublished); *United States v. Guerra*, 216 F. App'x 906, 910 (11th Cir. 2007) (unpublished).
[33] ECF No. 38.

Signed October 6, 2022.

BY THE COURT

_____

David Barlow
United States District Judge