THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALEXANDER RUSSELL BERG,<br><br>　　　　　　Defendant,<br><br>JOSHUA BERG,<br><br>　　　　　　Claimant. | **MEMORANDUM DECISION AND ORDER GRANTING [49] UNITED STATES' MOTION TO DISMISS [45] PETITION TO ASSERT THIRD-PARTY INTEREST IN PROPERTY**<br><br>Case No. 2:22-cr-00159-DBB<br><br>District Judge David Barlow |

The matter before the court is the United States' Motion to Dismiss Petition to Assert Third-Party Interest in Property.[1] The United States moves to dismiss Claimant Joshua Berg's ("Mr. Berg") Petition to Assert Third Party Interest in Property ("Second Petition").[2] Having considered the briefing and relevant law, the court finds that oral argument would not help the court resolve the matter.[3] For the reasons stated below, the court grants the motion to dismiss.

## BACKGROUND

Mr. Berg's son, Alexander Russell Berg ("Mr. A. Berg"), pleaded guilty to conspiracy to distribute marijuana and money laundering in July 2022.[4] As part of his guilty plea, he admitted to distributing narcotics between February 2018 and April 2022.[5] He also agreed to forfeit a

---

[1] Mot. to Dismiss Pet. to Assert Third-Party Interest in Prop. ("MTD Pet."), ECF No. 49, filed Nov. 14, 2022.
[2] Pet. to Assert Third Party Interest in Prop. ("Second Pet."), ECF No. 45, filed Oct. 21, 2022.
[3] *See* DUCrimR 12-1(h).
[4] Statement by Def. in Advance of Plea ("Plea") 1–2, ECF No. 35, filed July 28, 2022.
[5] *Id.* at 4.

Toyota Tacoma truck (the "Tacoma") that was purchased with proceeds from his unlawful activity.[6] On August 1, 2022, the court entered a preliminary order of forfeiture that included the Tacoma.[7] On September 8, 2022, Mr. Berg filed his Petition to Adjudicate Third Party Interest in Forfeited Property.[8] He claimed that the Tacoma was a gift from Mr. A. Berg and that he had bought and installed several accessory and replacement parts before the Tacoma's forfeiture.[9]

On October 7, 2022, the court dismissed without prejudice Mr. Berg's petition for failure to state a claim.[10] The court found that Mr. Berg had not pleaded sufficient facts to satisfy 21 U.S.C. § 853(n)(6). Mr. Berg was given leave to amend with good cause.[11] On October 21, 2022, he filed his Second Petition.[12] The United States responded on November 4, 2022.[13] Because the response was styled as a motion to dismiss, the court administratively struck the response to avoid any possible confusion as to the further briefing schedule.[14]

The court granted the government leave to refile. Subsequently, the United States filed a motion to dismiss on November 14, 2022.[15] Mr. Berg filed a response on December 23, 2022.[16] The United States replied one week later.[17]

---

[6] *Id.* at 2, 6.
[7] ECF No. 37.
[8] ECF No. 38.
[9] *Id.* at 2–3.
[10] Mem. Decision & Order Denying Pet. ("Order Denying Pet."), ECF No. 42, filed Oct. 7, 2022.
[11] *Id.* at 5–6.
[12] Second Pet.
[13] ECF No. 47.
[14] ECF No. 48.
[15] MTD Pet.
[16] Resp. to Pet. to Adjudicate Third-Party Interest of Joshua Berg in Forfeited Prop. ("Resp."), ECF No. 54, filed Dec. 23, 2022.
[17] Reply to Resp. to Mot. to Dismiss Pet. to Asset Third-Party Interest in Prop. ("Reply"), ECF No. 55, filed Dec. 30, 2022.

**STANDARD**

"[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."[18] Under 21 U.S.C. § 856(n), a claimant must plausibly allege a "facially colorable interest in the seized property."[19] "A claim is plausible on its face when the petitioner 'pleads factual content that allows the court to draw the reasonable inference' that he is entitled to relief."[20] "A petition 'does not need detailed factual allegations,' but a [claimant] must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[21]

**DISCUSSION**

The United States contends that Mr. Berg's Second Petition fails to plead adequate facts to show that he has a superior interest in the forfeited property or that he is a bona fide purchaser. Pursuant to 21 U.S.C. § 853(n)(6), a third-party claimant may assert his interest in forfeited property in two ways.[22] The claimant may show that he "has a legal right, title or interest in the property" that "was vested in the [claimant] rather than the defendant . . . at the time of the commission of the acts which gave rise to the forfeiture."[23] Or, the [claimant] can establish that

---

[18] *United States v. Dahda*, No. 12-20083-01/11, 2020 WL 7056099, at *3 (D. Kan. Dec. 2, 2020); *see* Fed. R. Crim. P. 32.2(c)(1)(A) (The court may dismiss a third-party's petition in an ancillary proceeding for "failure to state a claim, or for any other lawful reason.").
[19] *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009).
[20] *Dahda*, 2020 WL 7056099, at *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[21] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[22] *See United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008).
[23] 21 U.S.C. § 853(n)(6)(A).

he "is a bona fide purchaser . . . and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture[.]"[24] The court addresses each prong in order.

### I. The Second Petition Does Not Allege that Mr. Berg Had a Superior Interest in the Forfeited Property.

Under 21 U.S.C. § 853(n)(6)(A), a "third party asserting an interest in forfeited property must establish that his interest in that specific property existed before the commission of the crime that led to the forfeiture."[25] Here, the relevant criminal activity occurred between February 2018 and April 2022.[26] Mr. A. Berg purchased the Tacoma with funds from the illegal activity.[27] Thus, the United States obtained an interest in the Tacoma in February 2018. As Mr. Berg's Second Petition states, he acquired title in August 2021—well after the government's interest vested.[28] As such, the court finds that the Second Petition does not allege or offer any facts that Mr. Berg held a superior interest in the forfeited property.

### II. The Second Petition Fails to Allege that Mr. Berg Was a Bona Fide Purchaser Who Was Reasonably Without Cause to Believe that the Property Was Forfeitable.

To assert a valid third-party interest under 21 U.S.C. § 853(n)(6)(B), "[a] third party may establish his interest in forfeited property by showing that he is (i) a bona fide purchaser for value, (ii) who 'was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.'"[29] In its order denying Mr. Berg's first petition, the

---

[24] *Id.* § 853(n)(6)(B).
[25] *United States v. Catala*, 870 F.3d 6, 10 (1st Cir. 2017); *see* 21 U.S.C. § 853(n)(6)(A); *United States v. Carman*, No. 20-6103, 2022 WL 2236133, at *2 (6th Cir. June 22, 2022) ("[T]o succeed under either theory, the claimant must skirt the 'relation-back' clause in [21 U.S.C.] § 853(c), which provides that '[a]ll right, title, and interest in [tainted property] vests in the United States upon the commission of the act giving rise to forfeiture.'").
[26] Plea 4.
[27] Second Pet. 2.
[28] *Id.*
[29] *United States v. Suarez*, 716 F. App'x 937, 938 (11th Cir. 2018) (unpublished).

court noted that the petition had failed to "allege, much less provide facts, making it plausible that [Mr. Berg] 'was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture.'"[30] The Second Petition similarly fails to do so.[31] Consequently, the petition does not state a plausible claim.[32]

Finally, Mr. Berg emphasizes in his response that he does not claim to be a bona fide purchaser of the Tacoma, but rather only that he purchased and installed certain specified "accessories" now incorporated into the Tacoma.[33] But this does not resolve the problems with the Second Petition. Mr. Berg received as a gift from his son the Tacoma that was purchased with the proceeds of a crime. Mr. Berg then purchased various replacement parts for the Tacoma (like a battery, tires, shocks, etc.) and other things which might more properly be considered accessories (like a rack and shell, etc.). All of these things are now installed on and part of the Tacoma. Mr. Berg pleads no facts indicating that he has separate title to these auto parts installed on the Tacoma. The parts are not sitting in a bag inside the Tacoma; they have been incorporated

---

[30] Order Denying Pet. 6.

[31] In his response brief, Mr. Berg argues that he obtained title before his son's agreement to forfeiture of the Tacoma and states that he "was not aware of the impending forfeiture of the . . . Tacoma when he obtained title to the . . . Tacoma . . . and subsequently purchased and installed the Truck Accessories," and thus "he did not have cause to believe the truck accessories was subject to forfeiture." Resp. 6. But the Second Petition contains no such averments. When ruling on a motion to dismiss for failure to state a claim, the court does not consider facts alleged in responsive briefing. *See Smallen v. The W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020). As stated earlier, a motion to dismiss a petition in a forfeiture hearing should be treated as a 12(b)(6) motion. *Dahda*, 2020 WL 7056099, at *3. Even if the court were to treat Mr. Berg's statements as if they had been made in his petition, they are not enough. They offer summary conclusions and mere "formulaic recitation[s]." *Twombly*, 550 U.S. at 555. What is more, Mr. Berg does not state that he was ignorant of his son's criminal activity, which formed the basis for the property's forfeiture. *See* Resp. 6–7.

[32] Both parties devote the bulk of their arguments to the first element of 21 U.S.C. § 853(n)(6)(B), whether Mr. Berg was a bona fide purchaser. Because the Second Petition does not plausibly allege the second element, whether Mr. Berg was reasonably without cause to believe that the property was subject to forfeiture, the court need not address the parties' arguments as to the "bona fide purchaser" element.

[33] *See* Resp. 2–3, 5.

into the vehicle. And Mr. Berg has provided no legal authority from any court suggesting that auto parts installed on an automobile should be treated separately from the automobile itself.

In sum, the allegations in the Second Petition are insufficient to state a plausible claim. For the reasons above, and for those stated in the court's previous order, which is incorporated here by reference,[34] the amended petition must be dismissed. If Mr. Berg has a good faith basis for doing so, he may seek leave to file one final amended petition within 30 days of this order.

## ORDER

Accordingly, the court GRANTS the United States' Motion to Dismiss Petition to Assert Third-Party Interest in Property.[35] The court hereby DISMISSES Mr. Berg's Petition to Assert Third Party Interest in Property without prejudice.[36] Mr. Berg may seek leave to file a final amended petition within 30 days of this Order if he has a good faith basis for doing so.

Signed January 6, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[34] *See* Order Denying Pet.
[35] ECF No. 49.
[36] ECF No. 45.